## The Commissioners of Vermilion Special Drainage District, Appellants, v. Frank Shockey, Appellee.

### Gen. No. 5,049.

DRAINAGE—*what land not subject to assessment.* The Farm Drainage Act does not provide for an assessment upon lands benefited outside the district in question unless the lands are, or may become, a part of another district or the channel is across the lands to be assessed.

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1908. Affirmed in part and reversed in part. Opinion filed August 10, 1908.

CLOUD & THOMPSON, for appellants.

A. C. NORTON and F. A. ORTMAN, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The commissioners of Vermilion Special Drainage

District in the counties of Ford, Livingston and Iroquois, Illinois, appellants, brought suit in assumpsit against Frank Shockey, appellee. The declaration contains two special counts, and alleges that the plaintiff drainage district was organized in the County Court of Ford county, Illinois, on September 15, 1880, under the provisions of an act of the legislature of the state of Illinois, entitled "An act to provide for the organization of drainage districts and to provide for the construction, maintenance and repair of drains and ditches by special assessments on the property benefited thereby," approved May 29, 1879, and still maintains its corporate existence. It is alleged that after the ditches and drains of appellant were constructed, they were found to have no sufficient outlet, and it was found necessary to enlarge a certain natural channel across certain sections of land, describing them, lying below and beyond the boundaries of the district, and that plaintiff thereafter in July, 1903, caused a special assessment to be spread and collected on all the lands within the district, and thereafter did clear, enlarge and straighten said natural channel below the mouth of its main ditch, which said work is completed, and said district has expended ninety thousand dollars for the purposes aforesaid; that the defendant owns two certain forty-acre tracts of land, particularly described, near said outlet ditch and not in any drainage district, which drains into said natural channel so enlarged, but of which the drainage was inadequate before the construction of said outlet ditch. It is averred said lands of defendant have been benefited by the construction of said outlet ditch, and that by reason of the statute the plaintiffs are entitled to recover fair compensation for the benefits, to the land of defendant, by reason of the construction of said outlet ditch, etc.

The defendant filed a demurrer to the declaration which was sustained, and plaintiffs abiding by their declaration, judgment was entered in favor of the de-

274    APPELLATE COURTS OF ILLINOIS.

The Com. of Vermilion Special Drain. Dist. v. Shockey, 142 App. 272.

fendant and for costs. The plaintiffs prayed an appeal to this court.

The demurrer is both general and special. The act declared upon was repealed by an act known as the "Farm Drainage Act" passed in 1885 (Session Laws 1885, page 78), which however provided that districts organized under the act of 1879 shall be deemed legally organized and continued under the act of 1885. Section 41 of the Farm Drainage Act of 1885 was amended in 1901. This section as amended contains a clause, "If it be necessary to clear and enlarge any natural or artificial channel lying beyond the boundaries of the district to obtain a proper outlet, the commissioners shall use the corporate funds for this purpose, and if the necessary privileges cannot be obtained for this by agreement with the landowners or the commissioners, *if the land or lands through which such outlet must be made, are within another organized district,* the commissioners may acquire the same by condemnation under the act for exercising the right of eminent domain: *Provided, in all such cases, if sufficient funds are not on hand, the commissioners* shall make a new tax levy; provided further, that the commissioners * * * to secure a proper outlet have enlarged or improved * * * any natural or artificial channel lying beyond the boundaries of the district, *as provided for in this section,* upon *lands owned by private individuals* or which may be or hereafter become a part of another organized district, and who by such work have or may hereafter benefit the whole or a part of *such lands,* whether the privilege to so enlarge or improve was or may be obtained by agreement with the owners * * * or acquired by condemnation under the act for the exercise of the right of eminent domain, the commissioners * * * may collect from said land owners or other drainage district or districts, as the case may be, such an amount as may be considered a fair compensation for the benefits received. * * * "

Both counts of the declaration demurred to aver that the lands of appellee are the southwest quarter of the northwest quarter of section eighteen and the southeast quarter of the northeast quarter of section thirteen; that the lands of appellee are not in any drainage district and that the natural channel enlarged is across other sections. It is not averred that the natural channel that was enlarged touches either section on which the appellee's lands are situated. Neither is it averred that the appellee owns any land on the sections crossed by the natural channel so enlarged. It is averred that the lands of appellee are not in any drainage district but there is no averment that they may hereafter become a part of another organized district.

The language of the section upon which it is sought to base a recovery, is not broad enough to include appellee's land. There is no averment that will embrace his land. The statute does not provide for an assessment upon lands benefited outside the district unless the lands are or may become a part of another organized district or the channel is across said lands to be assessed. The court properly sustained the demurrer.

Counsel for appellee in their argument also contend that section 41 of the Farm Drainage Act is not constitutional because it gives the commissioners the right to assess part of the cost of improving the drainage outlet on lands outside the district that are benefited thereby without any right of representation on the part of such land owner. Nothing in the demurrer raises that question. We conclude that the question of the validity of the statute is not raised, and is not necessary to the decision of the case and therefore is not involved.

The judgment of the court in form was erroneous in that it awarded an execution for costs, and that part of the judgment must be reversed. As the appellants have neither assigned any error nor made any argument on that point that part of the judgment award-

ing the execution ·is reversed, and the costs of this court will be adjudged against appellants, without execution. In all other respects the judgment is affirmed.

*Affirmed in part and reversed in part.*